PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 2003 Ford Taurus struck holes in the road while he was traveling on Route 36 in Clay County. Route 36 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more folly stated below.
The incident giving rise to this claim occurred around dusk on November 3, 2004, a clear evening. Route 36 is a two-lane highway at the area of the incident involved in this claim. Claimant testified that he was driving on Route 36 when two trucks approached his vehicle in the opposite lane. His vehicle then struck two holes in the road. He stated that he had seen the holes previously but had been able to avoid them on other occasions. Mr. Starcher testified that one of the holes was approximately eighteen inches long and eight inches deep, while the other hole was one foot long and four to six inches deep. Claimant’s vehicle struck the holes sustaining damage to the right front rim and tire and the right rear rim. Claimant’s vehicle sustained damage totaling $285.07.
The position of the respondent is that it did not have actual or constructive notice of the condition on Route 36 at the site of the claimant’s accident for the date in question.
Scott Samples, a Crew Supervisor for the respondent in Clay County, testified that he had no knowledge of any holes on Route 36 in Clay County for the date in question Respondent maintains that it had no actual or constructive notice of any holes on Route 36.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had at least constructive notice of the holes which claimant’s vehicle struck, and that the holes presented a hazard to the traveling public. The size of the hole and the location within the roadway where claimant’s incident occurred leads the Court to conclude that respondent had notice of this hazardous condition and respondent had an adequate amount of time to take corrective action. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to her vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in this claim in the amount of $285.07.
Award of $285.07.